Richard Wayne JENNINGS,
Plaintiff—Appellant,

v.

Kent DICKERSON, Denise Box, Sylvia
Piasta, Richard C Thaler, Russell Tip-
pen, Sheri Talley, Brad Casal, all in
their individual and Official Capaci-
ties, Defendants—Appellees.

No. 03–20119
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 2003.

Before KING, Chief Judge, and
HIGGINBOTHAM and WIENER, Circuit
Judges.

PER CURIAM:*

Richard Wayne Jennings, Texas prison-
er # 820776, appeals the district court's
dismissal of his case brought under 42
U.S.C. § 1983. The district court dis-
missed Jennings' case under 28 U.S.C.
§ 1915(e)(2)(B) after determining that Jen-
nings failed to state a claim on which relief
could be granted and that his allegations
lacked an arguable basis in law. A dis-
missal of a complaint under 28 U.S.C.
§ 1915(e)(2)(B) for failure to state a claim
upon which relief may be granted is re-
viewed *de novo,* applying the same stan-
dard used to review a dismissal under FED.
R. CIV. P. 12(b)(6). *Newsome v. E.E.O.C.,*
301 F.3d 227, 231 (5th Cir.2002), *cert. de-
nied,* 537 U.S. 1049, 123 S.Ct. 660, 154
L.Ed.2d 524 (2002).

Jennings argues that the district
court erred when it granted summary
judgment for the defendants. This char-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acterization is erroneous; the district court did not dismiss Jennings' case under FED. R. CIV. P. 56. Jennings' argument that the court erred when it did not consider the evidence in the light most favorable to him was not briefed and is therefore abandoned. *See Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993).

Jennings also argues that the district court erred when it determined that he failed to show that the defendants were deliberately indifferent to his serious medical needs. A prison official acts with deliberate indifference if he knows that an inmate faces a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan,* 511 U.S. 825, 837, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir.1994) (applying *Farmer* to medical claims).

Jennings did not show that the defendants both knew of and disregarded an excessive risk to his health and safety. Moreover, Jennings' allegations do not show that the defendants were personally involved in delaying Jennings' requests for treatment. Accordingly, the judgment of the district court is AFFIRMED.